IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01104-GPG

**JENNIFER ISRAEL**, and
**WAYNE RUDDER**,

    Plaintiffs,

v.

**WESTERN UNION COMPANY**,

    Defendant.

## ORDER OF DISMISSAL

Plaintiffs Jennifer Israel and Wayne Rudder initiated this action by filing *pro se* a Complaint against Western Union Company (ECF No. 1). Each Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF Nos. 2 & 3), which were granted by the Court solely on the basis of inability to prepay fees or give security therefor (ECF No. 5). Plaintiffs allege that they suffered injuries when Defendant failed to send two fifty (50) dollar money requests within the promised fifteen-minute time period. Plaintiffs do not assert a jurisdictional basis for their Complaint, nor do they assert any specific request for relief other than "damages and costs."

On June 3, 2015, Magistrate Judge Gordon P. Gallagher issued an order to Plaintiffs directing them to show cause, in writing, within thirty (30) days, why the Complaint and this action should not be dismissed for lack of subject matter jurisdiction. (ECF No. 6). Plaintiffs have failed to respond to this Order and have not filed anything with the Court since their initial filing on May 27, 2015.

The court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and finds that it fails to allege an adequate basis to invoke this Court's subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction:  federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")*; see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) ("The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings.").

In the Complaint, Plaintiffs do not allege a statutory basis to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, to the extent they seek to assert jurisdiction under 42 U.S.C. § 1983, the allegations do not support such a claim. To state a § 1983 claim, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, Plaintiffs complain of alleged misconduct by a private entity that implicates state law. Private officials can only be held liable under § 1983 if they act in concert with state officials to deprive the plaintiff of constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Moreover, Plaintiffs fail to plead facts to support jurisdiction pursuant to 28 U.S.C. § 1332. A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Here, Plaintiffs do not request a specific amount in damages. Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Moreover, Plaintiffs claims rest on Defendant's alleged failure to have sent two fifty-dollar wire transfers within a fifteen-minute time period. It appears fanciful at best that such alleged inaction ever could result in damages of $75,000.00.

In this regard, under Supreme Court and Tenth Circuit law, the amount of punitive damages Plaintiffs would have to show to reach the threshold for federal diversity jurisdiction would be grossly excessive when compared to the possible compensatory damages and would violate the Due Process Clause of the Fourteenth Amendment. *See Haberman v. The Hartford Ins. Grp.*, 443 F.3d 1257, 1271–72 (10th Cir. 2006) (noting that "few awards exceeding a single-digit ratio between punitive and compensatory damages,

to a significant degree, will satisfy due process"). As a result, it appears "legally certain," that the facts Plaintiffs alleged could not support a demand for more than $75,000 in damages, which is required to meet the statutory threshold for diversity jurisdiction. Thus, the allegations of the Complaint are insufficient to invoke this Court's diversity jurisdiction. Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** without prejudice for lack of subject matter jurisdiction. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED July 7, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court